UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

JEFFREY STEPANOVICH,

    Plaintiff,

vs.                          CASE NO.:

KEN CORBETT FARMS, LLC,
A GEORGIA LIMITED
LIABILITY COMPANY,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, JEFFREY STEPANOVICH ("Mr. Stepanovich" or "Plaintiff"), by and through his undersigned counsel, and hereby files suit against the Defendant, KEN CORBETT FARMS, LLC, A Georgia Limited Liability Company ("KCF" or "Defendant"), and alleges the following:

1. Plaintiff brings these claims for disability discrimination against Defendant for its unlawful termination of Plaintiff based upon his disability, or "perceived disability," in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive

damages, and his attorneys' fees and costs.

## JURISDICTION

2. The Court has original jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101 *et seq.*

## VENUE

3. Venue is proper because Defendant conducts substantial business in Echols County, Georgia and Plaintiff worked for Defendant in Echols County, Georgia, where the actions at issue took place.

## PARTIES

4. Plaintiff suffers from a disability as defined by the ADA.

5. Plaintiff is protected by the ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant; and

    b. Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

6. Defendant was at all material times an "employer" as envisioned and defined by the ADA.

## CONDITIONS PRECEDENT

7. Plaintiff, on or about August 2, 2017, filed a charge of

discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant.

8.  On September 17, 2018, the EEOC mailed Plaintiff a Notice of Right to Sue, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of same.

9.  Plaintiff timely files this action within the applicable period of limitations against Defendant.

10. All conditions precedent to this action have been satisfied and/or waived.

## **GENERAL ALLEGATIONS**

11. Mr. Stepanovich worked as a Salesman at KCF from April 2011, until his termination on April 26, 2017.

12. Mr. Stepanovich was an excellent employee who had no significant history of disciplinary, performance, or attendance issues.

13. On March 10, 2017, Mr. Stepanovich disclosed to KCF management that he had been diagnosed with Prostate Cancer, and necessitated surgery for same.

14. Approximately one month later, Mr. Stepanovich was terminated.

15. Plaintiff was told he was terminated for "economic reasons."

16. Yet, just prior to his termination, Defendant's owner, Ken Corbett, expressed his intention to hire a 4th salesman to KCF based on business need.

17. KCF saw Mr. Stepanovich's disability as an opportunity to get rid of an employee because it perceived/regarded him as disabled and/or based on his disability

18. Mr. Stepanovich's Cancer diagnosis is a protected disability under the ADA. *See* 42 U.S.C. § 12102.

19. KCF's actions unquestionably constitute disability discrimination in violation of the ADA.

20. The ADA requires an employer to provide its ADA protected employees with a reasonable accommodation unless doing so would impose an undue hardship.

21. This accommodation requirement includes providing an employee with leave to treat his disability.

22. Instead of accommodating Mr. Stepanovich's leave request, as the law requires, KCF discarded a loyal and highly productive employee because it decided that the protective provisions of the ADA could be casually disregarded.

23. Given the timing and circumstances leading to Mr.

Stepanovich's termination, KCF's actions unquestionably constitute disability discrimination in violation of the ADA.

24. Mr. Stepanovich is an individual who, with minimal accommodation, was fully capable of performing the essential functions of his job.

25. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA.

26. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with a reasonable accommodation.

27. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity, but was treated by Defendant as if it did.

28. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

29. Defendant does not have a non-discriminatory rationale for terminating Plaintiff's employment.

30. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment. Therefore, he is the member

of protected classes as envisioned by the ADA.

32. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimate termination, because of his disability and/or "perceived disability," and request for accommodation regarding same.

## COUNT I: DISABILITY DISCRIMINATION- ADA

32. Plaintiff realleges and adopts the allegations contained in paragraphs 1-31 as if fully set forth in this Count.

33. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination/harassment under the ADA.

34. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

35. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

36. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct

in the future.

37.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADA.

38.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

### REQUEST FOR RELIEF AS TO COUNT I

WHEREFORE, Plaintiff prays that this Court will:

a. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant

was a violation of Plaintiff's rights under the ADA;

b. Require that Defendant make Plaintiff whole for his losses suffered as a result of

the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

c. Grant Plaintiff a judgment against Defendant for damages, including punitive

damages;

d. Award Plaintiff his reasonable attorney's fees and litigation expenses against

Defendant pursuant to the ADA.

e. Provide any additional relief that this Court deems just.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 9th day of November 2018.

                                    Respectfully submitted,

                                    /s/ Carlos V. Leach_____
Carlos V. Leach, Esq.
The Leach Firm, P.A.
1950 Lee Rd., Suite 213
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 423-5864
Email: cleach@theleachfirm.com
Georgia Bar No.: 488443_____